Argued December 7, affirmed December 29, 1961

PORTLAND FIXTURE CO. *v.* MALBERG

367 P. 2d 429

*Thomas R. Williams,* Cottage Grove, argued the cause for appellant. With him on the briefs were Benson, Williams & McLennan, Portland.

*Robert L. Dressler,* Portland, argued the cause for respondent. On the brief were Buhlinger & Dressler, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

PER CURIAM.

Portland Fixture Co. brought an action against the defendant, Malberg, for money had and received by Malberg in the amount of $723.15 as advances made

by it to him while in its employ as a salesman. The defendant filed a cross-complaint in equity, wherein he sought an accounting between the parties for commissions alleged to have been earned by him and not paid by plaintiff. The trial was had without a jury. From a judgment in favor of the defendant, plaintiff appeals.

Plaintiff is a corporation engaged in planning, selling and installing market and restaurant equipment. On or about April 1, 1953, it employed defendant as a salesman on a commission basis. This relationship continued until June 30, 1958.

In the beginning defendant was to receive 10 per cent of the selling price of old and new equipment except upon ice cream cases sold. On that type of equipment his commission was computed at 5 per cent.

On or about March 1, 1956, by mutual agreement, defendant's commission was changed to one-third of the gross profit on each sale.

Notwithstanding the seeming simplicity of the formulas for the determination of plaintiff's obligations to defendant, the accounting became one of considerable complication by reason of the manner in which plaintiff kept its book records and its insistence that a "negotiated commission" was had between the parties on sales of substantial amounts and wherein plaintiff took a small profit or a loss on the resale of "trade-ins" taken as part of the purchase price. According to plaintiff, these "negotiated commissions" were less than the commission rate previously agreed upon by the parties. In other instances, plaintiff represented that certain sales claimed to have been made by defendant were in fact made by officers of plaintiff and, therefore, denied defendant's right to

commissions. Much of the testimony is in support of the parties' conflicting representations on these issues.

The trial court found that defendant was entitled to unpaid commissions in amounts aggregating $2,085.97. It also found that defendant was indebted to plaintiff for advances in the amount of $723.15. It offset this latter amount against the total of the unpaid commissions and entered judgment for defendant for $1,781.68.

The appeal presents no issue of law requiring resolution. Our review is, therefore, limited to a determination of whether the evidence supports the judgment.

We have given careful attention to the somewhat voluminous record of testimony and numerous exhibits and find no difficulty in arriving at the same conclusions reached by the able trial judge.

The judgment is affirmed.